UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| WILLIAM EDWARD LANIER, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. C-10-5 |
| § | |
| RICK THALER, § | |
| § | |
| Respondent. § | |

## ORDER OF TRANSFER

This is a habeas action filed pursuant to 28 U.S.C. § 2254. Petitioner is being held at the McConnell Unit, which is located in Beeville, Texas.

Petitioner is challenging his conviction and sentence in state court in Tarrant County, Texas for murder. (D.E. 1, at 2). In Ground One, he is challenging the denial of credit for street time while he was on parole after his parole was revoked. Id. at 7. In Ground Two, he asserts that depriving him of the flat time he earned while on parole violates the ex post facto clause of the Constitution. Id. In Ground Three, he claims that depriving him of the flat time he earned while on parole violates the Separations of Powers Act. Id. In Ground Four, he asserts that depriving him of the flat time he earned while on parole violates the due process clause of the Fourteenth Amendment. Id. at 8.

A habeas action may be filed either in the district where petitioner is in custody, or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959, 960-61 (5th Cir. 2000). Within the context of § 2241(d), courts have traditionally held that the most appropriate venue for challenges to the legality of a conviction is in the district court for the district where the State conviction and sentence occurred, while challenges to the implementation of the sentence, such as prison disciplinary matters, should be considered in the

district court for the district where such person is in custody. <u>Story v. Collins</u>, 920 F.2d 1247, 1250-51 (5th Cir. 1991). The Fifth Circuit explained the basis for choice of venue as follows:

> Under 28 U.S.C. § 2241(d), state convicts may file federal habeas corpus petitions in the district where they are confined or where they were convicted. The purpose of this, of course, is to provide a more convenient forum for witnesses.... Section 2241(d) militates in favor of filing the applicant's petition in ... the division where the witnesses are located, rather than in ... the division in which the applicant is confined.

<u>Mitchell v. Henderson</u>, 432 F.2d 435, 436 (5th Cir. 1970) (citation omitted).

Petitioner was convicted and sentenced by a state court in Tarrant County, Texas, which is in the Fort Worth Division of the Northern District of Texas. <u>See</u> 28 U.S.C. § 124(a)(2). A district court for the district wherein an application for habeas corpus has been filed may, in its discretion and in the furtherance of justice, transfer the petition to a more appropriate district for disposition. <u>See</u> 28 U.S.C. § 2241(d). Should an evidentiary hearing ever be necessary in this case, the evidence and any witnesses concerning the petitioner's criminal proceedings are more likely to be found in the county where his conviction was entered.

Accordingly, it is ordered that the Clerk of the Court TRANSFER this action to the United States District Court for the Northern District of Texas, Fort Worth Division.

SIGNED and ORDERED this 22nd day of January, 2010.

_____
Janis Graham Jack
United States District Judge